**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | |
|---|---|
| **WILLIE HUDSON, Individually and On Behalf of All Others Similarly Situated** | **PLAINTIFF** |
| **V.**        **CASE NO. 4:19-CV-00094-LPR** | |
| **PRIME INDUSTRIAL RECRUITERS, INC., ELITE WORKFORCE MANAGEMENT and CHRIS RAWLINGS** | **DEFENDANTS** |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS**

Plaintiff, Willie Hudson, by and through his undersigned counsel, Sanford Law Firm, PLLC, and Defendants, Prime Industrial Recruiters, Inc., Elite Workforce Management, and Chris Rawlings, (collectively, "Defendants"), by and through their undersigned attorneys, Cross, Gunter, Witherspoon & Galchus, P.C., and for their Joint Motion to Approve Settlement Agreement and Dismiss, state:

1. Plaintiff initiated this action on February 6, 2019. *See* ECF No. 1. Plaintiff's Complaint alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, et seq., and was filed as a collective action. *Id*. He alleged that he was required to work off-the-clock before and after each shift. *Id.* He later amended his pleadings but maintained the same claims against substituted Defendants. *See* ECF Nos. 2 and 5.

2. Defendants dispute that Plaintiff was not compensated for all hours worked, including overtime, thereby creating a bona fide dispute as to wages owed. Defendants specifically dispute that there was any timeclock adjustment or rounding of time which would have resulted in Plaintiff performing work off-the-clock or that Plaintiff was required to or actually engaged in any

1

251942-1

off-the-clock work during Plaintiff's approximately 10 weeks of employment. The parties engaged in limited discovery regarding Plaintiff's time records, compensation, and issues related to the underlying merits of Plaintiff's claims against Defendants.

3. Plaintiff did not file a Motion for Conditional Certification in this matter. As such, the case only involves his individual claims.

4. Following negotiations between counsel, the parties have entered into a Settlement Agreement and Release of Claims (Settlement Agreement) for Plaintiff resolving the litigation in full and requesting dismissal of the above-captioned action with prejudice. *See* Exhibit A.

5. To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, the parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

6. Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the sharing of time and pay records, by experienced counsel representing both parties. The parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a jury trial, and, potentially, an appeal.

7. The parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement without a trial. This decision included evaluating the likelihood of prevailing on the merits of Plaintiff's claims and Defendants' defenses, including the proper method for calculating damages, as well as the amount of any additional fees and costs. Plaintiff has specifically considered the potential value of his claims and has concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Defendants support this result because it eliminates the uncertainties, risks, and cost of further litigation.

8. The FLSA provides for an award of reasonable attorneys' fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The parties have reached an amicable resolution as to Plaintiff's claims. The attorneys' fees agreed upon by the parties were negotiated at arms' length, separately, and in addition to Plaintiff's claims. Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027, 2019 WL 2527594 at *2 (8th Cir. 2019). Also, a stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778-80 (8th

251942-1

Cir. 2018)("where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees."). Thus, this proposed resolution sufficiently closes all matters before the Court and warrants dismissal.

9. Accordingly, Plaintiff and Defendants jointly seek dismissal, with prejudice, of Plaintiff's Second Amended Complaint in this action. The parties request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

WHEREFORE, Plaintiff and Defendants request that the Court enter an Order granting this Joint Motion for Dismissal and Approval of Settlement Agreement, dismissing this action, with prejudice, and for all other relief to which they are entitled.

Respectfully submitted,

Daniel Ford, Ark Bar No. 2014162
Josh Sanford, Ark. Bar No. 2001037
**SANFORD LAW FIRM, PLLC**
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
**ATTORNEYS FOR PLAINTIFF**

And

J. Bruce Cross, AR Bar No. 74048
Gregory J. Northen, AR Bar No. 2011181
**CROSS, GUNTER, WITHERSPOON
 & GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
(501) 371-9999
Fax: (501) 371-0035
Email: bcross@cgwg.com
Email: gnorthen@cgwg.com
**ATTORNEYS FOR DEFENDANTS**

251942-1