IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**WILLIE HUDSON**                                                                              **PLAINTIFF**

v.                              Case No. 4:19-cv-00094-LPR

**ELITE WORKFORCE MANAGEMENT,** *et al.*                                   **DEFENDANTS**

### ORDER

Pending before the Court is the parties' Joint Motion to Approve the Settlement Agreement and Dismiss. (Doc. 28). The parties ask the Court to approve the settlement and dismiss the case with prejudice. (*Id.*). In *Fascio v. Madison Health & Rehab, LLC*, Judge Susan Weber Wright stated well why judicial (or DOL) approval of a settlement is not required in a case like this one. Case No. 4:12-cv-00600-SWW (Doc. 94; E.D. Ark. June 30, 2014). The Court agrees with her analysis, adopts it, and incorporates it into this Order by reference.[1]

This case is not a collective action. The sole Plaintiff, Mr. Willie Hudson, alleges that he was required to work approximately thirty minutes off the clock before and after each recorded shift. (Doc. 5 ¶¶ 39-40). Defendants dispute that Plaintiff was required to (or did) work off the clock. (Doc. 11 ¶¶ 39-40). Defendants also dispute that Plaintiff regularly worked in excess of forty hours per week, and Defendants say that they compensated Plaintiff accordingly for any overtime that he worked.[2] (Doc. 11 ¶¶ 36-43). Similar to the situation in *Fascio*, the issue disputed

---

[1] The Eighth Circuit has not issued an opinion that would contradict Judge Wright's decision. In *Barbee v. Big River Steel, LLC*, the Court left this question open. 927 F.3d 1024, 1026-27 (8th Cir. 2019).

[2] *See also* Joint Mot. to Approve Settlement Agreement and Dismiss (Doc. 28 at 1-2) ("Defendants specifically dispute that there was any timeclock adjustment or rounding of time which would have resulted in Plaintiff

in this case is not whether the employer is required to pay its employee for the time the employee worked off the clock; rather, the issue is whether the employee worked off the clock and was not paid for it.  That is not the type of case for which judicial (or DOL) approval is required by precedent.

This individual-plaintiff case has been in litigation for almost two years.  There's been a reasonable amount of discovery and investigation into the claims at issue.  There's been arms-length negotiation by sophisticated attorneys that appears based on reasonable assessments by the parties of their respective case strengths and weaknesses, as well as other litigation risks and expenses.  The Court has no reason to suspect fraud or collusion here.

The Court reached out to the parties and explained its view that, in these factual circumstances, the FLSA does not require a court (or the DOL) to bless a settlement in order for that settlement to be fully effective and binding on the parties.  The Court asked the parties whether, in light of this, they still sought dismissal with prejudice.  The Court understands that both parties still seek a dismissal with prejudice.  The Court grants dismissal with prejudice.  The Court will retain jurisdiction to enforce the terms of the settlement if necessary.  Accordingly, it is ORDERED that judgment be entered dismissing this case with prejudice.

IT IS SO ORDERED this 10th day of December 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

performing work off-the-clock or that Plaintiff was required to or actually engaged in any off-the-clock work during Plaintiff's approximately 10 weeks of employment.").